UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO .
MAGISTRATE JUDGE

**02-20791**

CIV-JORDAN

MAGISTRATE
BANDSTRA

ACCESS 4 ALL, INC., a Florida not
for profit corporation, and MARTIN
MARCUS, Individually,

        Plaintiffs,
vs.

BISCAYNE 135 LTD., a Florida Limited
Partnership,

        Defendant(s).
_____/

## COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiff, ACCESS 4 ALL, INC., a Florida not-for-profit corporation, and MARTIN MARCUS individually, (sometimes referred to herein as "Plaintiff"or Plaintiffs) , sues the Defendant(s), BISCAYNE 135 LTD., a Florida Limited Partnership, (sometimes jointly referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

### JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.



## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6. Plaintiff, ACCESS 4 ALL, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. The disabilities of the members of the organization include, but are not limited to, quadriplegia, profound deafness, paraplegia, blindness, and other crippling neurological and muscular disorders. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements

of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

7. Plaintiff, MARTIN MARCUS is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. MARTIN MARCUS has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and the services offered to the public at the property. Plaintiff has encountered architectural barriers at the subject property. Plaintiff is a member of the Plaintiff organization. MARTIN MARCUS suffers from Lou Gehrig's Disease, which renders him unable to ambulate without a wheelchair.

8. The barriers to access at the property described below have effectively denied or diminished plaintiff's ability to visit the property and have endangered his safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the plaintiff. Every other barrier to access as described in this complaint causes similar risk of injury, embarrassment or discomfort to the plaintiff.

9. ACCESS 4 ALL, INC. and MARTIN MARCUS have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

10. MARTIN MARCUS desires to visit the defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal

enjoyment of the property without fear of discrimination.

11. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

12. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Strip Mall and is located at 13400 Biscayne Boulevard, Miami, Florida.

## THE INSTANT CLAIM

13. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent

4

required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

15. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below, and by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less):

**Parking**

a. The accessible parking spaces fail to provide curb ramps located outside its spaces and access aisles. This is in violation of sections 4.5.2, 4.6.3 and 4.7.1 of the ADAAG. (See photo 1).

b. The accessible parking spaces fail to provide access aisles. This is in violation of section 4.6.3 of the ADAAG. (See photo 1).

c. The property fails to have any van accessible parking spaces or "Van Accessible" signage mounted below the symbol of accessibility. This is in violation of section 4.1.2, 4.6.4 & 4.30.7 of the ADAAG. (See photo 1).

d.  The accessible parking spaces are not designated as reserved by a sign showing the symbol of accessibility. This is in violation of sections 4.6.4 & 4.30.7 of the ADAAG. (See photo 1).

e.  The accessible parking spaces and aisle are sloped more than 2% in all directions. This is in violation of section 4.6.3 of the ADAAG. (See photo 1).

f.  The accessible route from the accessible parking has changes in levels. This is in violation of sections 4.3.8, 4.5.2 and 4.6.3 of the ADAAG. (See photo 1).

**Entrance Access and Path of Travel**

g.  There are changes of level at the center without proper ramps and/or handrails. This is in violation of section 4.5.2, 4.7.1, 4.8.1 of the ADAAG. (See photo1).

h.  The door hardware fails to be operable without tight grasping, pinching or twisting. This is in violation of sec. 4.13.9 of the ADAAG. (See photo 2).

i.  There are changes of level at the center that are not beveled. This is in violation of section 4.5.2, of the ADAAG. (See photo 1).

**Accessible Toilet Rooms**

j.  The restrooms of the facility are in violation of several sections of the ADAAG including 4.13, 4.14, 4.16, 4.17, 4.18, 4.19, 4.22, 4.23, 4.26, 4.27. The restrooms have improper signage, improper toilets, urinals, sinks and fixtures that are not useable by the disabled using a wheelchair, and the restrooms lack proper maneuvering space.

k.  There is no signage by the latch side of the toilet room entry doors, and no disabled signage. This is a violation of section 4.30.1 of the ADAAG.

l.  The alcoves into the toilet rooms do not provide maneuvering clearance. This is in violation of section 4.2.4.2 of the ADAAG. (See photo 2).

m.  The doorway hardware is not easy to grasp with one hand and requires tight grasping, tight pinching, or twisting of the wrist to operate. This is in violation of section 4.13.9 of the ADAAG. (See photo 2).

n.  The hook on the stall door is too high. This is in violations of sections 4.2.5 and 4.2.6 of the ADAAG. (See photo 2).

o.  The grab bars in the stall toilet are not the correct size or length. This is in violation of section 4.17.6, 4.22.4 and 4.26.2 of the ADAAG. (See photo 2).

p.  The stall door closer sweep period is not properly adjusted. This is in violation of 4.13.10 of the ADAAG. (See photo 2).

q. Grab bars in the toilet rooms do not comply. This is in violation of section 4.16.4, 4.22.4 and 4.26.2 of the ADAAG. (See photo 2).

r. The centerline of the water closets is more than 18 in from the wall. This is in violation of section 4.16.2 of the ADAAG. (See photo 2).

s. The toilet flush control is not mounted on the wide side of the toilet area so that it is within reach from the available clear floor space. This is in violation of section 4.16.5 of the ADAAG. (See photo 2).

t. The lavatory does provide a knee and toe clearance for a person using a wheelchair. This is in violation of section 4.19.2 of the ADAAG. (See photo 2).

u. A clear floor space, 30 in x 48 in, is not provided in front of a lavatory to allow forward approach. This is in violation of section 4.19.3 of the ADAAG. (See photo2).

v. The lavatory faucets are not easy to grasp or twist with one hand. This is in violation of sections 4.19.5 and 4.27.4 of the ADAAG. (See photo 2).

w. The pipes under the lavatories are exposed. This is in violation of sections 4.19.4 and 4.19.5 of the ADAAG. (See photo 2).

x. The mirror is mounted too high. This is in violation of section 4.19.6 of the ADAAG. (See photo 2).

y. The toilet paper dispenser is not installed within reach. This is in violation of section 4.16.6 of the ADAAG. (See photo 2).

z. There is no emergency warning system in the toilet rooms. This is in violation of section 4.28.1 of the ADAAG.

**Other Access:**

aa. The property fails to provide signage in conformance with requirements of 4.30 of the ADAAG.

17. The discriminatory violations described in Paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

18. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

19. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

22. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

    a. A Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181, et seq.

b.  A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

d.  Such other relief as the Court deems just and proper.

Respectfully Submitted,

**FULLER, FULLER AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305)534-9894 - Fax

By: _____
Lawrence A. Fuller, Esquire
Florida Bar #0180470

Date: 3/12/02

W:\WPDocs\A.D.A\##NEW (TEMP) FILES\13400 BISC BLVD\complaint.wpd








13400 BISCAYNE BLVD





13400 BISCAYNE BLVD

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**02-20791**

## I. (a) PLAINTIFFS

ACCESS 4 ALL, INC., a Florida not for profit corporation, and MARTIN MARCUS, Individually,

### DEFENDANTS

BISCAYNE 135 LTD., a Florida Limited Partnership,

**CIV-JORDAN**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 02-20791 CIV AJ/TEB

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FULLER, FULLER & ASSOCIATES, P.A.
1111 Lincoln Rd Mall, PH 802
Miami Beach, FL 33139 (305) 538-6483

ATTORNEYS (IF KNOWN)
**MAGISTRATE BANDSTRA**

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 362 Personal Injury — Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury — Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B☐ 630 Liquor Laws |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | B☐ 640 R.R. & Truck | **A LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | B☐ 650 Airline Regs. | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | B☐ 660 Occupational Safety/Health |  | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | B☐ 690 Other | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PERSONAL PROPERTY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | ☐ 370 Other Fraud |  | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | **B SOCIAL SECURITY** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 385 Property Damage Product Liability | A☐ 791 Empl. Ret. Inc. Security Act | ☐ 862 Black Lung (923) |
| ☐ 290 All Other Real Property |  | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 863 DIWC/DIWW (405(g)) |
|  |  | B☐ 510 Motions to Vacate Sentence | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 864 SSID Title XVI |
|  |  | **HABEAS CORPUS:** | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 865 RSI (405(g)) |
|  |  | B☐ 530 General |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  | A☐ 535 Death Penalty |  | ☐ 950 Constitutionality of State Statutes |
|  |  | B☐ 540 Mandamus & Other |  | ☐ 890 Other Statutory Actions A OR B |
|  |  | B☐ 550 Civil Rights |  |  |
|  |  | B☐ 555 Prison Condition |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 12181 et seq. ADA Violations

LENGTH OF TRIAL
via _1_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 3/12/02

SIGNATURE OF ATTORNEY OF RECORD

$150.00  859143

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT $150.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE 03/13/02